IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES CORTEZ ARNOLD                                                      PETITIONER
ADC #114047

V.                           NO. 5:12cv00351 KGB-JTR

RAY HOBBS, Director,                                                     RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201-3325

## I. Introduction

Petitioner, James Cortez Arnold, is an Arkansas Department of Correction inmate. In this § 2254 habeas action, he challenges a detainer that has been lodged against him based on proceedings in *State of Mississippi v. James Arnold*, Tunica County Cir. Ct. No. 2009-0108. (Docket entry #2.)

Respondent has filed a Motion to Transfer to the United States District Court for the Northern District of Mississippi. (Docket entry #7.) Petitioner filed a Response, stating that he does not object to transfer. (Docket entry #10.) The Court recommends that Respondent's Motion to Transfer be granted and that this action be transferred to the United States District Court for the Northern District of Mississippi, Oxford Division.

## II. Discussion

District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court, for the convenience of the parties and witnesses and in the interest of justice, "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* § 1404(a). The Supreme Court has observed that, ordinarily, the federal district court in the district of confinement will not prove as convenient as the appropriate district court in the state which has lodged a contested detainer, and that such circumstances may justify transfer under § 1404(a). *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94, 499-500 & n.15 (1973); *see also Parette v. Lockhart*, 927 F.2d 366, 366 n.2 (8th Cir. 1991) (United States District Court in Arkansas, the place of petitioner's confinement, can transfer habeas petition

challenging Louisiana detainer to United States District Court in Louisiana on the ground of forum non conveniens).

The interest of justice would best be served by transferring this case to the Northern District of Mississippi under 28 U.S.C. § 1404(a). Petitioner's habeas claims challenge the authority of the State of Mississippi to place a detainer on him, and all documents and witnesses related to Petitioner's claim can be found in Mississippi.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's Motion to Transfer (docket entry #7) be GRANTED; and

2. The Clerk of the Court be directed to immediately transfer Petitioner's entire case file to the United States District Court for the Northern District of Mississippi, Oxford Division.

---

[1] A habeas petition attacking a state detainer, which may subject a petitioner to custody in the future, must name as respondents "the state ... officer who has official custody of him at the time the petition is filed and the attorney general of the state whose action subjects the petitioner to future custody." *See* Rules Governing § 2254 Cases in United States District Courts, Rule 2(b) & advisory committee notes. In addition, a prisoner must exhaust all available state-court remedies before attacking a detainer through a federal habeas petition, *Braden*, 410 U.S. at 489-90; *Parette*, 927 F.2d at 366-67.

DATED THIS 21st DAY OF March, 2013.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE